[NOT FOR PUBLICATION IN WESTLAW OR LEXIS]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/21/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

THE GROSS FAMILY FOUNDATION, INC.,   :

            Plaintiff,   :   11 Civ. 2719 (LBS) (AJP)

      -against-   :   **REPORT AND RECOMMENDATION**

IDILVICE OF SWITZERLAND, INC.   :
& IDIL DOGUOGLU,
                           :
           Defendants.
                           :
------------------------------------x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable Leonard B. Sand, United States District Judge:**

       The Court has received the parties' settlement agreement, plaintiff's counsel's letter of March 6, 2012, and defendant's March 19, 2012 response.

       While defendant now complains about her medical state and feels that she "should never have made this [settlement] agreement," a settlement agreement is binding, and a change of heart is no ground to set it aside.

       Accordingly, I recommend that Judge Sand enter the Proposed Order (3/6/12 Plf. Letter to Court Ex. E) ordering defendant to "transfer the domain www.idilvicefashionrocks.com to Plaintiff and to pay all costs associated with said transfer."

       **FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be

2

filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Leonard B. Sand, 500 Pearl Street, Room 1650, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Sand (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   New York, New York
         March 21, 2012

Respectfully submitted,

_____
Andrew J. Peck
United States Magistrate Judge

Copies to:   Sunila Sreepada, Esq. (ECF)
             Idil Doguoglu (Regular & Certified Mail)
             Judge Lenoard B. Sand